## SECOND DEPARTMENT, JULY, 1971

### (July 6, 1971)

■ ACCREDITED DEMOLITION CONSTRUCTION CORP., Respondent, v. CITY OF YONKERS, Appellant.— In an action to recover damages for alleged fraud and deceit, constructive fraud and gross negligence, defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, dated September 2, 1969, which granted plaintiff's motion for summary judgment and is in favor of plaintiff as demanded in the complaint. Order judgment reversed, on the law, without costs, and plaintiff's motion denied. There are

two issues presented on this appeal. The first is whether there are no real issues of fact, the determination of which is necessary to support plaintiff's claim. The second is whether plaintiff's conceded failure to file a notice of claim precludes the commencement of this action. Prior to December of 1959, defendant offered for public bid the demolition of a certain building, holding out through news advertisements that it was the owner of the building. Plaintiff was the successful bidder and contracted with defendant for demolition of the building. On December 8, 1959, plaintiff demolished the building. Thereafter, the legal owner of the building, M. P. Lucas, sued plaintiff and defendant and recovered a judgment against both which totaled $14,085.04. The judgment was entered on April 30, 1965. Plaintiff paid the entire amount of the judgment. In the present action, plaintiff alleged that defendant's representations that it was the owner of the building were false, that defendant knew them to be false when made and made them with intent to deceive and defraud, and that plaintiff believed the representations to be true and relied thereon in bidding on the contract. A second cause of action alleges constructive fraud and a third cause of action alleges gross negligence in holding out that defendant was the owner of the building. Plaintiff moved for summary judgment and, in opposition thereto, defendant set forth plaintiff's admitted failure to file a notice of claim pursuant to section 244 of the Second Class Cities Law and section 50-e of the General Municipal Law. Consequently, defendant requested dismissal of the complaint, although it made no formal motion for summary judgment. Special Term granted plaintiff's motion. Although its opinion deals with defendant's assertion relating to failure to file a notice of claim, the order-judgment entered thereon merely grants judgment to plaintiff and is silent with respect to defendant's informal cross motion to dismiss. The judgment should be reversed because plaintiff's moving papers contain no evidence relating to its claim of fraud and negligence. The papers contain only conclusory allegations and no facts in support thereof. Certainly, defendant's culpability is a question of fact which can only be determined at trial. As concerns defendant's informal cross motion based on failure to file a notice of claim, we note that the order-judgment appealed from contains no mention thereof. Under CPLR 3212 the court is given discretion in granting summary judgment to a nonmoving party. Thus, it appears that the Special Term was acting within this discretion when it did not pass upon defendant's informal motion. However, in the interests of justice, we are constrained to pass upon this issue. In our opinion, Special Term was correct in holding that the notice of claim provisions do not apply to this action. Although the complaint alleges causes of action in fraud and negligence, it is patently obvious that the basic claim, as supported by the facts pleaded, is one sounding in indemnification. In short, plaintiff's claim is that the negligence which gave rise to its liability to the property owner was passive only and that defendant was the active tort-feasor. Under the circumstances, plaintiff's cause of action is equitable in nature, the liability under common-law indemnification being quasi-contractual (*Schwartz* v. *Merola Bros. Constr. Corp.*, 263 App. Div. 631, 637, affd. 290 N. Y. 145). Quasi-contract "rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another" (*Miller* v. *Schloss*, 218 N. Y. 400, 407). It is well settled that where an action is grounded upon equitable principles there need be no compliance with section 50-e of the General Municipal Law (*Fontana* v. *Town of Hempstead*, 18 A D 2d 1084; *Lyon* v. *City of Binghamton*, 256 App. Div. 397). This rule is distinguishable from the holdings in such cases as *Panzeca, Inc.* v. *Board of Educ.* (29 N Y 508) where the language of the notice of claim pro-

vision of the Education Law specifically prohibits any exception thereto. Finally, we point to *Matter of Valstrey Serv. Corp.* v. *Board of Elections* (2 N Y 2d 413) where it was held that no notice of claim was necessary as a condition precedent to a third-party action based on a common-law indemnification, even though the third-party defendant was a county. Since the purpose of notice statutes is to apprise the defendant of the claim against it, it is our opinion that it would be unjust to allow an indemnification claim to stand in a third-party action without a notice of claim having been filed, where the third-party defendant may very well not know of the prior existence of the claim, and yet deny the same claim in a subsequent action, where it is most likely that the defendant is fully aware of the facts giving rise to the claim. Rabin, P. J., Hopkins and Martuscello, JJ., concur; Shapiro, J., dissents and votes to affirm the order-judgment, with the following memorandum, in which Munder, J., concurs: The facts in this case are undisputed. The defendant, City of Yonkers, through newspaper advertisements, requested bids for the demolition of a certain building which it represented that it owned. Plaintiff, Accredited Demolition, as low bidder, entered into a written contract with the City of Yonkers for the demolition of the building. Accredited proceeded with the work and was paid. Thereafter, the true owner of the property brought suit against the city and Accredited to recover damages for the destruction of her property. She recovered judgment against both, which Accredited paid when execution on the judgment was threatened. The court in that case, upon the request of Accredited for judgment over against the city, noted that Accredited could pursue its remedy against the city in an independent action, but refused relief in that action apparently because Accredited had not cross-claimed for such relief. Hence this action. Although the .complaint sounds in misrepresentation, fraud and gross negligence, it also contains all of the elements of a cause of action for common-law indemnification. The answer admits that the city advertised for public bids for the demolition of the building in question; that it held itself out to be the owner of the building; that it entered into a contract with Accredited for the demolition of the building; that Accredited demolished the building in accordance with the contract; that the city did not own the building; that Marcelina P. Lucas, the owner, commenced suit against Accredited and the city seeking damages for the loss of the building, which suit resulted in a judgment in her favor; and that Accredited has fully paid the amount of that judgment. Although the general rule is that a plaintiff is not entitled to summary judgment on a cause of action not pleaded (*19 South Main St. Corp.* v. *Rockland Secretarial School*, 24 A D 2d 465; *Burgin* v. *Ryan*, 238 App. Div. 122), Accredited has pleaded and the city has admitted all of the elements of a cause of action for common-law indemnification. The motion should not be denied simply because Accredited has pleaded more than it would have to prove in order to recover judgment. This is not a case in which a party seeks judgment on a cause of action not pleaded and which depends for its validity upon facts not pleaded. Viewed in this light, Accredited is entitled to summary judgment. As between the parties, the city, the prime wrongdoer, stands in the relation of indemnitor to Accredited, which has been legally held liable, on the principle that everyone is responsible for the consequences of his own wrong (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 217). The city's papers in opposition to the motion raised no genuine factual issues. They merely asserted in conclusory form that such issues were present. Such conclusory assertions cannot defeat a motion for summary judgment (*Leumi Fin. Corp.* v. *Richter*, 24 A D 2d 855, affd. 17 N Y 2d 166; *Eaton* v. *Laurel Delicatssen Corp.*, 5 A D 2d 590, affd. 5 N Y 2d 1029).

The only defense raised in the opposing papers relates to the requirement of the filing of a notice of claim, as to which I am in agreement with the majority. I therefore would affirm the grant of summary judgment to Accredited.