George L. Cobb, J.
In an action for money damages, *598 plaintiffs move pursuant to CPLR 3211 (subd [b]) for an order dismissing the defendant’s affirmative defenses and defendant cross-moves for summary judgment in its favor or for leave to serve an amended answer.
In November, 1970 plaintiffs instituted an action for a permanent injunction upon allegations that the maintenance and operation by the defendant herein of an open disposal area on lands adjacent to the plaintiffs’ lands constituted a nuisance. That litigation was settled upon the entry of a consent judgment on or about April 12, 1974 which directed the town to discontinue the operation of the said dump on or before November 1, 1974 and awarded certain other related relief. In the first cause of action alleged in the complaint, plaintiffs seek money damages upon allegations that the defendant’s willful disregard of and refusal to comply with the said judgment has resulted in a continuation of the "aforesaid nuisance” and has reduced the market and rental value of plaintiffs’ property. In the second cause of action, plaintiffs claim that the "aforesaid nuisance” is permanent in nature and seek permanent damages, and in the third cause of action, plaintiffs charge that the foregoing conduct was malicious and seek punitive damages.
In its original answer, the town pleaded that plaintiffs’ failure to serve the notice of claim described in section 50-e of the General Municipal Law is a condition precedent to the commencement of the instant action and also pleaded the Statute of Limitations contained in CPLR 214. Plaintiffs by their motion seek to strike the said defenses; whereas, defendant by its cross motion seeks a summary judgment in its favor or the alternative relief of leave to serve an amended answer which would assert as an additional defense that the judgment of April 12, 1974 is res judicata as to the liability charged in the complaint. Since the instant motion to dismiss defenses automatically brings up the question of the legal sufficiency of the complaint (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:40), the court must now consider that issue.
It is apparent that plaintiffs’ principal complaint is that the defendant has failed to comply with the April 12, 1974 judgment. It is equally clear that plaintiffs may not now prosecute those matters which were or could have been litigated in the prior litigation and which were merged in that judgment and any allegations in the instant complaint as to such matters *599 cannot be considered in passing upon the sufficiency of that complaint.
If defendant failed to obey the judgment, the plaintiffs could have instituted contempt proceedings (see CPLR 5104) but they have, instead, elected to bring this action for damages they suffered because the defendant did not obey the judgment. The allegations of the instant complaint would state a cause of action against a private person (Porous Plaster Co. of Sing Sing v Seabury, 43 Hun 611). However, because the defendant is a municipality, consideration must be given to the notice provisions of sections 50-e and 50-i of the General Municipal Law.
Section 50-i of the General Municipal Law, which is entitled "Presentation of tort claims: commencement of actions”, says, in part, that "[n]o action * * * shall be prosecuted or maintained against a * * * town * * * for * * * damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * town * * * unless, (a) a notice of claim shall have been made and served upon the * * * town * * * in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.” The instant complaint does not allege that such a notice of claim has been filed and the papers before the court indicate that no such notice has been filed. If required, and none has been filed, this complaint is insufficient (Ballin v Larkin, 62 Misc 2d 949, mod on other grounds 36 AD2d 530, app dsmd 28 NY2d 800).
Although the common-law forms of action and the distinction between actions at law and suits in equity were abolished in this State over a century ago, substantive rights of litigants continue to be affected by the old rules and the old technicalities (see, generally, 1 Am Jur 2d, Actions, § 5). If the instant action is not founded in tort, plaintiff need not comply with the aforesaid notice provisions of the General Municipal Law (Torino v Town of Pleasant Valley, 36 AD2d 963). While tort actions are actions at law and can generally be identified because they seek money damages, that circumstance may be misleading as to the essential character of the action (e.g., *600 Accredited Demolition Constr. Corp. v City of Yonkers, 37 AD2d 708).
Upon the instant motion, counsel have not supplied, and the court has been unable to locate, any authoritative precedent as to the nature of the instant action. However, actions ex delicto customarily seek money damages upon allegations that such damages were caused by the failure of the defendant to discharge a duty imposed by law. In this action, the plaintiffs charge that the defendant did not obey the judgment and in the court’s view, that is the equivalent of charging that the defendant did not perform a duty imposed upon it by law. It is true that the defendant consentéd to the entry of the judgment and in that sense, the duty sprang from its voluntary act, but nevertheless, upon the entry of the judgment, the duty became one imposed by law. The court believes that the instant action sounds in tort, and, therefore, the aforesaid notice provisions of the General Municipal Law are applicable.
Accordingly, the court will enter an order dismissing the complaint herein without prejudice to plaintiffs instituting a new action seeking the same relief, upon the same theory, after the service of a proper notice of claim. In all other respects, the motion and the cross motion will each be denied.