MANAGEMENT ASSISTANCE
INC., Plaintiff,

v.

Asher B. EDELMAN, Arbitrage Securities
Company, Plaza Securities Company,
Minor Associates, L.P., Raymond
French, Charles P. Stevenson, Jr. and
Clark R. Mandigo, Defendants.

No. 84 Civ. 667 (JFK).

United States District Court,
S.D. New York.

March 6, 1984.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for plaintiff; Gerald Walpin, New York City, of counsel.

Schulte, Roth & Zabel by John S. Martin, Jr., New York City, for defendants except Charles P. Stevenson, Jr.

Newman, Tannenbaum, Helpern, Syracuse & Hirschritt by Vincent J. Syracuse and Ralph A. Siciliano, New York City, for defendant Charles P. Stevenson, Jr.

## OPINION AND ORDER

KEENAN, District Judge:

This action was brought by Management Assistance Inc., ("MAI") against Asher B. Edelman, Raymond French, Charles P. Stevenson, Jr., Clark R. Mandigo, Arbitrage Securities Company ("Arbitrage"), Plaza Securities Company ("Plaza") and Minor Associates, L.P. ("Minor") for violations of sections 13(d), 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sections 78m(d), 78n(d) and 78t(a), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sections 1961–1968. Injunctive relief and damages are sought.

MAI is a New York corporation which is engaged in the development, manufacturing and marketing of information processing systems and in furnishing repair, preventive maintenance and reconditioning service for information processing equipment. Edelman beneficially owns 12.8% of the outstanding shares of MAI common stock and has mounted a proxy contest in an effort to gain control of the corporation. He seeks the election of French, Stevenson, Mandigo and himself as directors of MAI. Arbitrage, Plaza and Minor are partnerships under Edelman's control that own MAI stock.

The original complaint and a motion for expedited discovery were filed on January 30, 1984. On February 2, defendants filed a motion to dismiss MAI's original complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for an order pursuant to Fed.R.Civ.P. 26(c) limiting discovery. MAI filed an amended complaint on February 6. Defendants then filed a motion to dismiss the amended complaint. That motion is denied as to all defendants except Stevenson and granted in part as to Stevenson for the reasons set forth below. On February 10, defendants answered the complaint, asserting three counterclaims against MAI. Plaintiff filed a motion to dismiss the first counterclaim on February 14. That motion is granted for the reasons set forth below.

## MOTION TO DISMISS THE COMPLAINT

The amended complaint contains seven claims for relief. Two of these claims allege violations of section 13(d). The first claim is that defendants' made a false and misleading statement in their Schedule 13D with regard to the purported interest of two companies in acquiring all or part of MAI. The second claim alleges failure to fully disclose in the Schedule 13D the source of funds used to purchase MAI stock. The next three claims involve violations of section 14(a). The first of these claims alleges that defendants' proxy statement contained a false and misleading statement regarding the purported interest of the two companies. The next claim is for failure to disclose in the proxy statement that partnership securities were sold without a registration statement. The final section 14(a) claim is for failure to disclose in the proxy statement that the partnerships comprise a single investment company in violation of the Investment Company Act. The last two claims of the amended complaint allege that defendants violated RICO by acquiring an interest in MAI through funds derived from racketeering and by forming a separate and illegal enterprise with the purpose of obtaining control over MAI.

Defendants' motion seeks dismissal of the amended complaint on the grounds that it does not satisfy the requirement of rule 9(b) of the Federal Rules of Civil Procedure that claims of fraud be pleaded with particularity and that it fails to state a claim upon which relief can be granted.

■■■ Claims alleging fraud in connection with violations of sections 13(d) and 14(a) must be pleaded with particularity. *See Trans World Corporation v. Odyssey Partners,* 561 F.Supp. 1315, 1323 (S.D.N.Y. 1983) (Section 13(d)); *Brayton v. Ostrau,* 561 F.Supp. 156, 163 (S.D.N.Y.1983) (Section 14(a)). The amended complaint contains factual allegations sufficient to satisfy the particularity requirements of rule 9(b). It is distinguishable from complaints that have been dismissed for failing to satisfy rule 9(b) in other actions. *See Decker v. Massey-Ferguson,* 681 F.2d 111, 115 (2d Cir.1982) (complaint alleged fraud in failure to write down value of obsolete manufacturing facilities but did not allege figures that they were carried at or what those figures should be); *Crystal v. Foy,* 562 F.Supp. 422 (S.D.N.Y.1983) (complaint alleged fraud in failure to disclose plant closing as a certainty but facts alleged in support demonstrated that closing was not certain).

Furthermore, the amended complaint differentiates the actions of the various defendants, as is required by rule 9(b). *See Trans World Corporation v. Odyssey, supra,* 561 F.Supp. at 1320. The documents attached to the amended complaint demonstrate that defendants acted as a group with respect to the allegedly misleading filings. The Schedule 13D complained of was filed on behalf of and signed by all defendants except Stevenson. The proxy statement seeking election of the four individual defendants as directors of MAI characterizes those defendants as the "Edelman group." Plaintiff's claim of joint responsibility for the content of these documents, therefore, unlike the assertion in *Weinberger v. Kendrick,* 432 F.Supp. 316, 321 (S.D.N.Y.1977), is not a "bald assertion of joint participation."

Where fraud is alleged, the allegations in the amended complaint support an inference of scienter. Furthermore, plaintiff's factual allegations, including the documents annexed to the amended complaint, establish a sufficient basis to support the allegations of the amended complaint made on information and belief.

This Court also finds that each of the seven causes of action state a claim upon which relief can be granted and create issues of fact to be determined upon the hearing for the preliminary injunction and at trial. Defendants' motion to dismiss is denied. Two of the claims as they apply to defendant Stevenson, however, are excluded from this denial.

■■ The first and second claims of the amended complaint are dismissed as to defendant Stevenson. Both of those claims allege violations of section 13(d) of the Securities Exchange Act. Section 13(d) requires persons who acquire beneficial ownership of five percent of a class of equity securities to file Schedule 13D, a statement containing certain information regarding the acquirer and the acquisition, with the SEC.

Defendant Stevenson argues that the amended complaint fails to allege a basis for holding him liable for the contents of the allegedly false and misleading Schedule 13D because it does not allege grounds for treating him as a beneficial owner of MAI stock. Defendant Stevenson contends that without such an allegation, the section 13(d) claims do not state a cause of action against him and, therefore, should be dismissed.

The complaint alleges grounds for finding that the other defendants are beneficial owners of MAI stock. The only interest alleged attributable to defendant Stevenson, however, is the interest held by Minor Associates. The limited partnership agreement of that entity, attached to the complaint, reflects that defendant Stevenson is the principal of a corporation that is a limited partner in Minor Associates. Under the terms of that agreement, limited

partners have no rights concerning the running of the partnership and no right to demand and receive property other than cash in return for their contribution. This interest in MAI stock is an insufficient basis for treating defendant Stevenson as a beneficial owner of that stock.

The section 13(d) claim against defendant Stevenson is based, not on the allegation that he beneficially owns more than five percent of MAI stock, but on the allegation that he was a member of a group that acted to acquire ownership of more than five percent of MAI stock. Section 13(d)(3) includes as persons required to file Schedule 13D, persons acting as a group for the purpose of acquiring the securities of an issuer. In *Transcon Lines v. A.G. Becker Incorporated*, 470 F.Supp. 356, 374 (S.D.N.Y.1979), however, Judge Sand held that a defendant, having no beneficial ownership in the issuer, was under no obligation to file Schedule 13D as a member of a group. In its discussion, the Court cited the House Report to the Williams Act, of which section 13(d) is a part, stating that the purpose of Section 13(d)(3) was to "prevent a group of persons who seek to pool their voting or other interests in the securities of an issuer from evading the provisions of the statute because no one individual owns more than [five percent] of the securities." *Transcon Lines v. A.G. Becker, Incorporated, supra*, 470 F.Supp. at 373, quoting H.R.Rep. No. 1711, 90th Cong.2d Sess. (1968), *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 2811, 2814. This purpose would not be served by treating defendant Stevenson who is not a beneficial owner of MAI stock as a member of a group.

Absent an allegation which justifies treating defendant Stevenson as a beneficial owner, this Court finds that the mere statement that defendant Stevenson is a member of a group that acted to acquire beneficial ownership of more than five percent of MAI stock, is an insufficient ground upon which to base an allegation that he is liable for the contents of the Schedule 13D. "Mere relationship, among persons or entities, whether family, personal or business, is insufficient to create the

group which is deemed to be a statutory person" under section 13(d). *Transcon Lines v. A.G. Becker, Incorporated, supra*, 470 F.Supp. at 375, *quoting Texasgulf, Inc. v. Canada Development Corporation*, 366 F.Supp. 374, 403 (S.D.Tex. 1973).

### THE MOTION TO DISMISS DEFEND-ANTS' FIRST COUNTERCLAIM

■ Defendants' first counterclaim alleges that representatives of the Carter Organization Inc. ("Carter"), plaintiff's proxy solicitors, communicated with shareholders of MAI and those believed to be shareholders of MAI and in the course of those communications stated that Edelman would be able to obtain proxies from only 28 percent of MAI shareholders, that MAI management would win the proxy contest and that shareholders should vote the management proxy. It further alleges that these statements were false and misleading because MAI and Carter had reason to believe that the Edelman group will get more than 28 percent of the shareholder vote and have no basis for predicting that the Edelman group will get less than 50 percent of the shareholder vote.

Rule 14a–9, promulgated under section 14(a), prohibits solicitation of proxies by means of a communication containing a statement which at the time and in light of the circumstances under which it was made is false or misleading with regard to a material fact. 17 C.F.R. Section 240.14a–9(a). The note to that rule sets forth four examples of what, depending on the circumstances, may be misleading. Example (d) refers to claims made prior to a meeting regarding the results of a solicitation. Defendant claims that the statement made above falls within this specific regulatory prohibition and, thus, violates section 14(a).

Plaintiff has moved for dismissal of this counterclaim, contending that the statement alleged does not fall within the rule and that the allegations do not satisfy the pleading requirements of rule 8(a) of the

Federal Rules of Civil·Procedure.\* Plaintiff argues that the alleged statement, if made, was mere harmless puffing. It notes that the language of example (d), when compared with the language outlining the other examples of potential violations of rule 14a–9, suggests that the rule was not intended to cover predictions, such as those alleged in the first counterclaim.

Example '(a) to the note states that *predictions* as to future market values, depending on the facts and circumstances, may be materially misleading. Example (d), however, refers to *claims* regarding the results of a solicitation. Plaintiff relies on the use of the words "prediction" and "claim" in these examples to support its position that predictions regarding the results of a solicitation are not actionable. Plaintiff argues that a comparison of the two examples shows that when the SEC wanted to make it clear that predictions could violate the rule, it explicitly used that language.

The different language used in the two examples may indicate that the SEC intended to make predictions as to specific market values actionable, but not predictions regarding the results of a solicitation. This Court is reluctant, however, to attribute meaning to the use of different words in examples listed in a note following a rule. Application of rules of statutory construction to these examples, which may not have been drafted with such literal scrutiny in mind, may distort the meaning that was intended by the drafters of the rule.

Case law in this district, however, supports the position that predictions regarding the results of a solicitation are not materially misleading or otherwise actionable under rule 14a–9. In *Kennecott Copper Corp. v. Curtiss-Wright Corp.*, 449 F.Supp. 951, 960 (S.D.N.Y.) *aff'd in part and rev'd in part on other grounds*, 584 F.2d 1195 (2d Cir.1978), Judge MacMahon found that a prediction of victory made at a press conference was "an expectable excla-

mation of confidence that would not divert a reasonable shareholder from the task of coolly determining how best to vote his shares in light of the opposing platforms." The judge distinguished claims of sure victory as potential violations of the rule. The court in *Jewelcor Incorporated v. Pearlman*, 397 F.Supp. 221, 242, 249 (S.D. N.Y.1975), went even further, ruling that a statement made by a proxy soliciting firm that 61 percent of the shareholders had voted for a proposal, when in fact no vote had been taken, was insufficient to establish a violation of section 14(a) and was not materially misleading. The statement allegedly made by Carter does not claim a present victory; it merely predicts what the results will be sometime in the future.

The statement alleged by defendants' is distinguishable from the statement made in *Gould v. American Hawaiian Steamship Company*, 331 F.Supp. 981, 990–92 (D.Del. 1971), that 64 percent of the shareholders were contractually committed to vote in the defendants' favor. The court in that case found that the statement falsely created the impression that the election was a forgone conclusion, causing the average shareholder not to bother to give the proxy statement careful consideration. That statement was actionable under the rule. The statement alleged here creates no such impression. It states that the management group will win, but does not suggest that management must win. Thus, it is not a claim regarding the results of a solicitation and is not proscribed by rule 14a–9.

Plaintiff's motion to dismiss the first counterclaim is granted. This counterclaim is dismissed for failure to state a claim upon which relief can be granted, with leave to amend.

Plaintiff's motion to strike paragraphs 9(a) and 11 through and including 14 of the defendants' answer pursuant to rule 12(f) of the Federal Rules of Civil Procedure is also granted. Rule 12(f) provides that "the Court may order stricken from any plead-

---

\* Plaintiff does not argue that rule 9(b) of the Federal Rules of Civil Procedure applies to defendants' allegations. It notes, however, that the allegations of the first counterclaim would not satisfy the particularity requirements of the rule if it was held to apply.

ing ... any ... immaterial ... matter." Unless and until the answer is amended, these paragraphs are immaterial to the answer and remaining counterclaims. They are stricken with leave to amend.

### THE MOTION TO BE RELEASED FROM THE CONFIDENTIALITY STIPULATION

Plaintiff has moved, by an order to show cause, for release from the confidentiality stipulation concerning the activities of Canal-Randolph Corporation entered into by the parties to this action and Canal-Randolph, dated February 27, 1984. Upon examination of the confidential material sought to be released, reading the submissions of the parties and hearing oral argument, it is determined that·the Court's ruling on the confidentiality stipulation will be held in abeyance pending the Court's decision whether to grant a preliminary injunction. At that time, the Court shall determine whether the equities demand that the plaintiff be released from the stipulation.

SO ORDERED.