UNITED STATES of America, Plaintiff,

v.

STATE OF NEW YORK, New York State Department of Health and Niagara County Health Department, Defendants.

No. CIV-83-514C.

United States District Court, W.D. New York.

Sept. 7, 1984.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y. (Sonia C. Jaipaul, Asst. U.S. Atty., Buffalo, N.Y., of counsel), for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., Buffalo, N.Y. (Douglas S. Cream, Asst. N.Y. State Atty. Gen., Buffalo, N.Y., of counsel), for defendants State of New York and New York State Department of Health.

Glenn S. Hackett, Niagara County Atty., Lockport, N.Y. (J. Michael Fitzgerald, Asst. Niagara County Atty., Lockport, N.Y., of counsel), for Defendant Niagara County Health Department.

CURTIN, Chief Judge.

The United States [the government] has filed this claim for indemnification under the Swine Flu Act, 42 U.S.C. § 247b(k)(7). The government has named both New York State and Niagara County as defendants for their responsibility as participants in the Swine Flu innoculation program. Defendants have moved to dismiss the action.

The facts are as follows. On November 19, 1976, Janet Vincek was innoculated under the national Swine Flu Immunization Program administered through the Niaga-ra County Health Department. She suffered severe left ulnar nerve palsy, sensory and motor, with marked muscle wasting. On November 14, 1978, she filed a claim against the government for $2 million. On or about October 3, 1979, the government sent a letter of inquiry to Niagara County to verify the legitimacy of Ms. Vincek's claim. The Health Department apparently responded with a general acknowledgement. Information about those letters came to this court's attention at the time of oral argument on the present motions.

On July 16, 1981, the government paid Janet Vincek $150,000.00 in settlement of her claim. On May 16, 1983, the government filed the instant action.

Defendant State of New York now moves to dismiss on two grounds: 1) the suit is barred by eleventh amendment immunity; and 2) the suit is time-barred under both CPLR § 214 and Court of Claims Act § 10(3) pertaining to Court of Claims actions. Niagara County also moves to dismiss, but argues only that the action is time-barred under CPLR § 214.

■ The State has now conceded "that by virtue of its participation in the Swine Flu Immunization Program it may have waived its sovereign immunity pursuant to 42 U.S.C. § 247b(k)(7)." (Item 12, Letter Brief at p. 1.) This position is correct, which leaves only the statute of limitations issue.

The Swine Flu statute does not provide an applicable statute of limitations; hence, all parties agree that this court must apply the most appropriate state statute of limitations. Before addressing this hotly contested issue, this court must define the nature of the instant action, which will in turn help determine the correct statute of limitations.

■ The government admits that an element of proof in this case will be the negligence of the County in the administration of the flu shot. However, the action is premised upon the federal statutory right of indemnification. The plaintiff in this case is *not* the injured party; rather, the government is merely suing for monies paid to the injured party. No right to sue

under this federal statute exists unless and until money is paid by the government. Hence, the cause of action does not accrue until payment. The government filed this action within two years of the date that payment was made. Because the action primarily depends upon a right of indemnification, CPLR § 213 applies, and the action is timely.

With the encouragement of this court, the parties have addressed the need for a notice of claim pursuant to Gen.Mun.Law § 50-e. Defendants argue that section 50-e applies in this case and the absence of notice to the county precludes suit. Section 50-e applies "[i]n any case founded upon tort" as identified in Gen.Mun.Law § 50-i, as follows:

> No action ... shall be ... maintained against a ... county ... for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such ... unless, (a) a notice of claim shall have been made and served upon the ... county....

This provision has been held to apply in a suit for indemnification based upon a statutory duty to operate a county transit system. *Coleman v. Westchester Street Transportation Co., Inc.*, 57 N.Y.2d 734, 454 N.Y.S.2d 978, 440 N.E.2d 1324 (1982). *Coleman* differs, however, in very important ways from the instant case. In *Coleman,* the statutory duty belonged to the County. The plaintiff was the injured party, and the indemnification was between the county and the transit authority.

 In the instant case, the plaintiff is not the injured party. Rather, the plaintiff is claiming rights under a statutory duty to indemnify. This indemnification is between plaintiff and defendant—*not* between defendant and its agents or employees. *See Accredited Demolition Const. Corp. v. City of Yonkers*, 37 A.D.2d 708, 324 N.Y.S.2d 377, 379 (2d Dept.1971).

More important is the fact that section 50-i was created as a condition precedent to suits which would otherwise have been barred by municipal immunity. The right of action in the instant case was created by federal statute, and the state or county exposed itself to liability as a result of their participation under the statute.

Finally, the County Health Department did have informed notice of possible indemnification liability when it received the letter of inquiry from the government in 1979. This fact is not dispositive, but it does demonstrate that at least the spirit of section 50-i has been served.

In sum, this court finds that since plaintiff's action depends upon a federal statutory right of indemnification, the cause of action did not accrue until payment. Hence, the action is timely.

■ The State defendant further argues that the Court of Claims limitations period should apply. Court of Claims Act § 10(3). It does not. Actions against the State are normally brought in the Court of Claims; hence, the procedures of that court would apply. Since this claim is properly in federal district court, the Court of Claims provision does not apply.

For all these reasons, defendants' motions to dismiss are in all respects denied. The parties are instructed to meet with the court on October 11, 1984, at 9 a.m.

So ordered.