ASPEX EYEWEAR, INC. and Contour Optik, Inc., Plaintiffs,

v.

CLARITI EYEWEAR, INC., Defendant.

No. 07 Civ. 2373(DC).

United States District Court,
S.D. New York.

Jan. 24, 2008.

Collen Intellectual Property Law, P.C. by Jess M. Collen, Esq., Jeffrey A. Lindenbaum, Esq., Matthew Clifton Wagner, Esq., Ossining, NY, Lerner, David, Littenberg, Krumholz & Mentlik, LLP by Russell William Faegenburg, Esq., Steven Louis Procaccini, Esq., Westfield, NJ, for Plaintiffs.

Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. by Kevin N. Ainsworth, Esq., Seth Robert Goldman, Esq., New York City, for Defendant.

### MEMORANDUM DECISION

CHIN, District Judge.

On March 22, 2007, plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. filed a complaint against defendant Clariti Eyewear, Inc. ("Clariti"), asserting two patent infringement claims. In its answer filed on May 18, 2007, Clariti denied the allegations of patent infringement, raised sixteen affirmative defenses, and asserted counterclaims against plaintiffs for a declaratory judgment that it has not infringed plaintiffs' patents and that the patents are invalid and/or unenforceable.

Plaintiffs move to strike certain affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) and to dismiss certain counterclaims pursuant to Rule 12(b)(6). Clariti also moves to dismiss plaintiff's complaint in its entirety. For the reasons set forth below, plaintiffs' motion to strike certain affirmative defenses and dismiss certain counterclaims is granted, and Clariti's motion to dismiss the complaint is denied.

### DISCUSSION

#### a. *Motion to Dismiss Standard*

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996); *see Erickson v. Pardus*, —— U.S. ——, ——, 127 S.Ct. 2197, 2199, 167

L.Ed.2d 1081 (2007) (per curiam); *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

■ In its recent decision in *Bell Atlantic Corp.,* the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from *Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), adopting in its place a "plausibility" requirement. *Bell Atl. Corp.,* 127 S.Ct. at 1969. As interpreted by the Second Circuit, *Bell Atlantic Corp.* did not announce a "universal standard of heightened fact pleading, but ... instead requir[es] a flexible 'plausibility standard,' " which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007). The question is whether the pleading alleges " 'enough facts to state a claim for relief that is plausible on its face.' " *Patane v. Clark,* 508 F.3d 106, 111–12 (2d Cir.2007) (quoting *Bell Atl. Corp.,* 127 S.Ct. at 1974).

In deciding a motion to dismiss, a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice. *See Prentice v. Apfel,* 11 F.Supp.2d 420, 424 (S.D.N.Y.1998) (citing *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993)). " '[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations' " and will not defeat the motion. *Gavish v. Revlon, Inc.,* No. 00 Civ. 7291(SHS), 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting *Citibank, N.A. v. Itochu Int'l, Inc.,* No. 01 Civ. 6007(GBD), 2003 WL 1797847, at *1 (S.D.N.Y. April 4, 2003)).

The standard on a motion to dismiss also applies to a motion to dismiss a counterclaim pursuant to Rule 12(b)(6) and a motion to strike an affirmative defense pursuant to Rule 12(f). *See FSP, Inc. v. Societe Generale,* No. 02 Civ. 4786(GBD), 2005 WL 475986, at *7–8 (S.D.N.Y. Feb. 28, 2005).

#### b. *Clariti's Motion to Dismiss Complaint*

■ Clariti moves to dismiss plaintiffs' complaint in its entirety for failure to comply with Rule 8(a)'s pleading requirements. It argues that "the Complaint does not tell Clariti which claims of the patents-in-suit are infringed[, nor] does the Complaint tell Clariti which particular products supposedly infringe." (Def. Mem. at 2). This argument is rejected because the Complaint does allege that defendant sold eyeglasses designated as "AirMag," which had "magnetic frames and clip-on attachments" as claimed in plaintiffs' '747 and '545 patents. (Compl.¶¶ 12, 21). Plaintiffs also allege that they own two valid United States patents (*id.* ¶¶ 9–10, 19) and that they have not granted defendant the right to manufacture or sell the patent-infringing eyeglasses (*id.* ¶¶ 13, 22). These allegations are sufficient to support claims for patent infringement. *See Agilent Techs., Inc. v. Micromuse, Inc.,* No. 04 Civ. 3090(RWS), 2004 WL 2346152, at *4 (S.D.N.Y. Oct. 19, 2004). Accordingly, Clariti's motion to dismiss the complaint is denied.

#### c. *Plaintiffs' Motion to Strike and Dismiss*

Plaintiffs seek to dismiss the counterclaims alleging that their patents are invalid and/or unenforceable (*see* Answer ¶¶ 9, 13), and to strike the affirmative defenses that are identical to these counterclaims (*see id.* ¶¶ 24, 28). Plaintiffs also seek to strike the affirmative defenses of collateral estoppel and/or res judicata, equitable estoppel, and patent misuse and/or unclean hands. (*See id.* ¶¶ 32, 37, 38). The main ground for their motion to dismiss the

counterclaims and strike the affirmative defenses is that Clariti has alleged no set of facts to put them on notice of the counterclaims and defenses asserted against them. *See* Fed.R.Civ.P. 8(a).

Counterclaims, like claims, are subject to Rule 8(a)'s pleading requirements. *Management Assistance Inc. v. Edelman,* 584 F.Supp. 1016, 1020 (S.D.N.Y.1984). The Second Circuit has likewise held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of New York,* 79 F.3d 265, 270 (2d Cir.1996) (quoting *Nat'l Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D.Wis.1994) ("affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure")) (internal quotations and citations omitted).

 Clariti's counterclaims and affirmative defenses alleging that the '747 and '545 patents are invalid and/or unenforceable, as well as its affirmative defenses of collateral estoppel and/or res judicata, equitable estoppel, and patent misuse and/or unclean hands fail to meet the minimal requirements of notice pleading under Fed.R.Civ.P. 8(a). Clariti merely asserts these claims and defenses without alleging even general facts to support them. In fact, Clariti asserts *no* facts, nor does Clariti even refer to the elements of the various affirmative defenses. Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet Rule 8(a)'s pleading standards. *See Takeda Chem. Indus., Ltd. v. Alphapharm Pty, Ltd.,* No. 04 Civ.1966(DLC), 2004 WL 1872707 (S.D.N.Y. Aug. 19, 2004). Accordingly, plaintiffs' motion to strike certain affirmative defenses and dismiss certain counterclaims is granted.

## CONCLUSION

For the reasons set forth above, Clariti's motion to dismiss the complaint is denied. Plaintiffs' motion to strike the affirmative defenses of collateral estoppel and/or res judicata, equitable estoppel, and patent misuse and/or unclean hands and to dismiss Clariti's counterclaims and strike its affirmative defenses that the '747 and '545 patents are invalid and/or unenforceable is granted, without prejudice to repleading within ten days hereof.

SO ORDERED.