MATHESON, Circuit Judge,
concurring in the result.
I concur in the result. I commend my colleagues on their thoughtful opinions. I agree we must remand for the district court to consider Mr. Gallegos’s qualified immunity defense. Like Judge Hartz, I would defer deciding whether this court should adopt a scope-of-authority test for cases brought under 42 U.S.C. § 1988. But I also would leave the question open and not constrain the eventual content of a test this court may adopt later when it has the benefit of more robust briefing on this significant issue.
Seven other circuits have adopted some version of the scope-of-authority test.[1] In this case, the district court applied the test from In re Allen, 106 F.3d 582 (4th Cir. 1997): “an official may claim qualified immunity as long as his actions are not clearly established to be beyond the boundaries of his discretionary authority.” Id. at 593. We have not adopted the Allen test as circuit precedent, but both parties use it to make their arguments on appeal.
Considering the parties’ arguments based on the Allen test and without opining whether this court should adopt it, I think the district court erred.[2] As Judge Hartz shows, New Mexico law did not clearly establish Mr. Gallegos’s actions exceeded his authority as district attorney. We must therefore remand for the district court to consider the qualified immunity issue.

. See Shechter v. Comptroller of New York, 79 F.3d 265, 268-69 (2d Cir. 1996); In re Allen, 106 F.3d 582, 587 (4th Cir. 1997); Rheaume v. Texas Dep’t of Public Safety, 666 F.2d 925, 930 (5th Cir. 1982); Rich v. City of Mayfield Heights, 955 F.2d 1092, 1095 (6th Cir. 1992); Merritt v. Mackey, 827 F.2d 1368, 1373 (9th Cir. 1987); Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995); Gray v. Bell, 712 F.2d 490, 502 n.36 (D.C. Cir. 1983).

. In some instances, we have assumed a legal rule applies when resolution of a case does not require us to adopt or reject the rule. See, e.g., Qwest Corp. v. City of Santa Fe, 380 F.3d 1258, 1265 n.2 (10th Cir. 2004) ("[W]e assume, without deciding, that Gonzaga provides the correct test.”); Ctr. for Biological Diversity v. Norton, 262 F.3d 1077, 1080 (10th Cir. 2001) ("[T]his court has never held that the catalyst test applies ... both parties advocate its application and we thus assume, without deciding, its applicability.”); see also Prost v. Anderson, 636 F.3d 578, 595 (10th Cir. 2011) ("[Assuming without deciding the validity of a particular test is often the narrower and easier approach to resolving a case.... ”).