Ed **RICH**, Plaintiff–Appellee,

v.

Larry C. **DOLLAR**,
**Defendant–Appellant.**

No. 87–5028.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1988.

George L. Waas, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellant.

Lawrence Bunin, Plantation, Fla., for plaintiff-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

Appellant Larry Dollar appeals from the District Court's denial of his alternative motion for summary judgment in this claim for damages brought by appellee Ed Rich under 42 U.S.C. § 1983.

I

Appellant Dollar's alternative motion for summary judgment was based in part on his claims of both absolute and qualified immunity as a government official. The entitlement not to stand trial or face the other burdens of litigation provided by the doctrines of absolute immunity and qualified immunity is effectively lost if a case is erroneously allowed to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). Under 28 U.S.C. § 1291 a decision of a district court that does not terminate the cause of action can be appealed if it "... falls within that 'small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell*, 105 S.Ct. at 2815, quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

The key indicant of a collateral order or decision that is appealable under the *Cohen* doctrine is that in order for the decision to be reviewed at all it must be reviewed before the district court proceedings terminate. *Mitchell*, 105 S.Ct. at 2815. The crux of a claim of absolute or qualified immunity is the defendant's contention that he is not even subject to suit in a civil damages action for claims arising from his official conduct. Thus, in *Mitchell* the Supreme Court observed that "the denial of a substantial claim of absolute immunity is an order appealable before final judgment, ...." *Id.* In *Mitchell* the Supreme Court held further that "... a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 2817. *Accord, Flinn v. Gordon*, 775 F.2d 1551 (11th Cir.1985).

In light of the foregoing it is clear that we have jurisdiction under 28 U.S.C. § 1291 to review the district court's denial of appellant's motion for summary judgment to the extent that the denial turns on a question or questions of law. *Mitchell* in-

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

structs that in a case where the defendant claims qualified immunity from suit an appellate court in

> ... reviewing the denial of [a] defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All [the appellate court] need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions.

*Mitchell,* 105 S.Ct. at 2816.

Dollar's claims of absolute and qualified immunity turn on questions of law. Therefore, the scope of our analysis and holding on this appeal is properly confined to the questions of law raised by appellant Dollar's alternative motion for summary judgment. The district court's determination that a genuine issue of material fact precluded it from granting summary judgment for appellant based on his claims of immunity is itself a question of law. Therefore, our review here is *de novo* and we need not defer to the district court's determination that summary judgment is precluded by genuine issues of material fact.[1]

## II

Appellant Larry Dollar is an investigator employed by the State Attorney's Office for the Seventeenth Judicial Circuit in and for Broward County, Florida. Ed Rich is a businessman who resides in Broward County, Florida. On April 22, 1986 Rich initiated an action for damages against Dollar under 42 U.S.C. § 1983 claiming violations of his constitutional rights as guaranteed by the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments. That suit resulted from certain actions by Dollar in the performance of his official duties as a state attorney's investigator.

The showings made by the parties on summary judgment reveal the following sequence of events that led to the § 1983 action against Dollar. In late 1983 Dollar had been assigned by Assistant State Attorney Kent Neal to investigate a purported scheme to market worthless gems by telephone. One of the subjects of that inquiry was a William Roth. Roth was a business associate of Rich, and along with him a co-founder and corporate officer of Century Film Labs, Inc.. Dollar's investigation uncovered evidence of the use, by Roth, Rich and a Lawrence Austin, of a credit card account opened in the name of Century Film Labs, Inc. in the alleged fraudulent gem marketing effort.

As a result of his investigation Dollar submitted to Assistant State Attorney Neal a probable cause affidavit that asserted the existence of probable cause to believe that Rich, among numerous other individuals, had "... conspired and participated in the conduct of a criminal enterprise which involved the systematic theft by fraud from numerous victims...." The "Offenses Charged" section of the probable cause affidavit listed four Florida statutes (Fla. Stat. § 812.014(2)(b) (1985), § 817.036(1) (1985), § 895.03(3) (1985), § 895.03(4) (1985)) dealing with grand theft, fraud, conspiracy to violate the Florida Racketeer Influenced and Corrupt Organization (RICO) Act and violation of the Florida RICO statute.

Following the submission of the probable cause affidavit by Investigator Dollar, charging documents were drafted and signed by Assistant State Attorney Neal which resulted in the issuance of a capias by the Clerk of the Circuit Court of the

1. The decision of the district court in this case can be distinguished from the denial of the motion for summary judgment by the district court in *Riley v. Wainwright,* 810 F.2d 1006 (11th Cir.1987). In that case the district court denied the defendant's qualified immunity-based motion for summary judgment because of its determination that "substantial [additional] factual development" was needed before it could properly evaluate both the plaintiff's claim of deprivation of a constitutional right and the qualified immunity defense raised by the defendant. In the present case the district court evaluated the facts in the record before it and decided, as a matter of law, that there was a genuine issue of material fact reflected in the record that precluded it from granting summary judgment for defendant/appellant Dollar. That decision by the district court is subject to *de novo* review.

Seventeenth Judicial Circuit, in and for Broward County, Florida for the arrest of Ed Rich. Rich was arrested and required to post bond of $16,000. He eventually incurred attorney's fees of some $5,000. After further investigation by the Assistant State Attorney, the charges against Rich were *nolle prossed.*

Several months after the Assistant State Attorney's decision to not further prosecute the charges against Rich, Rich brought this § 1983 action. Paragraph 20 of his amended complaint states the key allegations on which this § 1983 action rests.

> [d]efendant [Dollar] did not have a reasonable basis to believe there was probable cause that the Plaintiff [Rich] had committed a crime and the aforesaid prosecution was instituted by the Defendant negligently, maliciously and wilfully, against the Plaintiff without semblance of right and without any provocation, and it is well known to Defendant that said prosecution was without any legal foundation for same, but was in violation of Plaintiff's right as a citizen. (sic)

### III

In order to demonstrate that summary judgment is warranted here defendant/appellant Dollar must establish both that he is entitled to summary judgment as a matter of law (i.e., that he is shielded either by absolute immunity or qualified immunity) and that there are no genuine issues of material fact pertinent to those questions of law. *Fed.R.Civ.Proc. 56(c). Bernard v. Gulf Oil Co.,* 596 F.2d 1249, 1255 (5th Cir.1979), *Dassigner v. South Central Bell Telephone Co.,* 505 F.2d 672, 674 (5th Cir. 1974). Rich can avoid summary judgment by demonstrating either that Dollar is not entitled to absolute or qualified immunity as a matter of law or by showing the presence of a genuine issue of material fact upon which one of those questions of law must turn. *Fed.R.Civ.Proc. 56(e). Celo-*

tex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Because this is an appeal of a denial of a motion for summary judgment the plaintiff/appellee cannot rely on the factual basis alleged in his complaint. Rather, he must respond to the factual showing made by the defendant/appellant in support of his motion for summary judgment in such manner as to raise genuine issues of material fact. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), *Alger v. United States,* 252 F.2d 519, 521–22 (5th Cir.1958).[2]

Appellant Dollar maintains that he is entitled to absolute immunity from prosecution and, in the alternative, contends he is also shielded from appellee Rich's § 1983 damages action by qualified immunity pursuant to *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Appellant is correct when he states that none of our cases have directly addressed the question of whether a lay employee investigator for a state prosecutor is accorded absolute immunity for investigative activities engaged in at the direction of the prosecutor. However, there is case law from this Circuit to establish that when a prosecutor steps outside the realm of the quasi-judicial acts "intimately associated with the judicial phase of the criminal process" he sheds the cloak of absolute immunity. *Mullinax v. McElhenney,* 817 F.2d 711, 714–15 (11th Cir.1987) quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). In *Kadivar v. Stone,* 804 F.2d 635, 637 (11th Cir. 1986) we stated "[a]lthough a prosecutor enjoys absolute immunity when engaging in quasi-judicial functions, he has only a qualified immunity when carrying out administrative or investigative functions." Citing *Marrero v. City of Hialeah,* 625 F.2d 499, 504–05 (5th Cir.1980).

Thus, our cases establish that a prosecutor who himself engages in investigative work is not shielded from a § 1983 claim for damages by absolute immunity. In

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

light of that firmly-established rule in this Circuit it is difficult to perceive how a prosecutor's full-time, non-lawyer investigator could claim absolute immunity from a § 1983 damages action which, like the present suit, results from his actions in performing investigative work for an assistant state attorney.[3] Nevertheless, because it is clear that Dollar is shielded from the present § 1983 claim for damages by qualified immunity under *Harlow v. Fitzgerald*, we need not address his absolute immunity claim.

■ "Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by the defendant [government] official." *Harlow*, 457 U.S. at 815, 102 S.Ct. at 2736. The Supreme Court has acknowledged that the "good faith" defense for a public official charged with a violation of 42 U.S.C. § 1983 has both an objective and subjective element. *Id.* However, because of the difficulty encountered by the lower courts in determining on summary judgment, matters pertaining to the subjective good faith of defendant government officials, the Supreme Court in *Harlow* established an objective test for the qualified, good faith immunity defense in § 1983 actions. The Court stated "[w]e [] hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." 457 U.S. at 818, 102 S.Ct. at 2738.

Under the *Harlow* test, the conduct of a defendant public official is to be measured against "clearly established law." *Id.* On motion for summary judgment the court is to determine "not only currently applicable law, but whether that law was clearly established at the time an action occurred." *Id.* Accord, *Sellers v. United States*, 709 F.2d 1469, 1470–71 (11th Cir.1983). In addition, proper application of the *Harlow* test also requires a determination of whether the showings made by the parties create a genuine issue of material fact as to whether the defendant actually engaged in conduct that violated the clearly-established law. *Mitchell*, 105 S.Ct. at 2816.[4] Both of these determinations go to questions of law that are subject to *de novo* review.

■ *Zeigler v. Jackson*, 716 F.2d 847 (11th Cir.1983) sets the order of allocation of proof we use in applying the *Harlow/Mitchell* objective reasonableness test for qualified immunity. *Zeigler* establishes a two-step framework for analysis.

1. The defendant public official must first prove that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."

---

**3.** We are aware that the United States Court of Appeals for the Ninth Circuit has held that "... investigative functions carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity." *Freeman v. Hittle*, 708 F.2d 442, 443 (9th Cir.1983). One of the defendants in that § 1983 action was an investigator employed by a prosecutor who does not appear to have been an attorney assistant, or deputy prosecutor. Therefore, *Freeman* can be read as establishing a rule in the Ninth Circuit that investigators employed by prosecutors (as well as prosecutors and their assistants and deputies) are entitled to absolute immunity from § 1983 damages actions that result from the performance of investigative duties related to a criminal case or a contemplated prosecution being pursued by the prosecutor. *Ybarra v. Thunderbird Mobile Home Village*, 723 F.2d 675 (9th Cir. 1983), *Demery v. Kupperman*, 735 F.2d 1139 (9th Cir.1984).

In addition, we also note the holding of the United States Court of Appeals for the Eighth

Circuit in *Keating v. Martin*, 638 F.2d 1121 (8th Cir.1980) that the immunity from § 1983 actions afforded prosecutors and their assistants "... is equally available to investigators for the state prosecutor for actions in connection with a criminal prosecution." *Id.*, at 1122. A subsequent decision of the Eighth Circuit appears to narrow somewhat the holding in *Keating* with the observation that the type of investigator actions at issue in that case were those "designed to aid in the prosecution of [a charged individual] and thus were the type of "quasi-judicial" functions for which courts typically grant immunity." *Freeman v. Blair*, 793 F.2d 166 (8th Cir.1986).

**4.** In *Mitchell* the Supreme Court stated "[e]ven if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to generate a genuine issue of fact as to the whether the defendant in fact committed those acts." 105 S.Ct. at 2816.

2. Once the defendant public official satisfies his burden of moving forward with the evidence, the burden shifts to the plaintiff to show lack of good faith on the defendant's part. This burden is met by proof demonstrating that the defendant public official's actions "violated clearly established constitutional law." *Zeigler,* 716 F.2d at 849. *Accord, I.A. Durbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541, 1550 (11th Cir.1986), *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985).

■ Neither *Zeigler* nor our subsequent cases provide any guidance as to how the determination is to be made whether a defendant government official was "acting within the scope of his discretionary authority" when his complained-of conduct occurred. However, our pre-*Harlow* cases that address this question indicate that a government official can prove he acted within the scope of his discretionary authority by showing "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Barker v. Norman,* 651 F.2d 1107, 1121 (5th Cir. 1981); *Douthit v. Jones,* 619 F.2d 527 (5th Cir.1980). The showings made by appellant in the two affidavits attached to his alternative motion for summary judgment adequately demonstrate that his actions in conducting the investigation and writing and submitting the probable cause affidavit at issue were carried out in the performance of his normal job duties and were within the authority delegated to him by his employer, the State Attorney. Nothing in the record before us indicates that appellee Rich has raised any contrary assertions. Accordingly, it can only be concluded that Dollar has satisfied his burden of demonstrating that he was acting "within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Zeigler,* 716 F.2d at 849.

The first step of the *Zeigler* paradigm having been completed, the burden must now shift to appellee Rich to show that defendant/appellant Dollar's actions somehow violated established constitutional law

that existed at the time his challenged actions transpired. Careful examination of the amended complaint and the showings made by Rich discloses the two primary thrusts of his claim of a § 1983 violation. First, he contends that Dollar knew, or reasonably should have known, that the September 14, 1984 probable cause affidavit was in fact not based on evidence sufficient to constitute probable cause for the charging and arrest of Rich. Second, Rich contends that Dollar "negligently, maliciously and willfully" instituted Rich's prosecution "without semblance of right and without provocation." Both of these allegedly illegal actions by Dollar will be addressed in turn in our review of the district court's rejection of appellant's claim of qualified immunity.

■ As noted previously, *Mitchell, supra* instructs that there are two questions of law that we must decide in completing the second step of the *Zeigler* analysis: ascertainment of the law that was clearly established at the time of the defendant's action, and a determination as to the existence of a genuine issue of fact as to whether the defendant engaged in conduct violative of the rights established by that clearly-established law. The district court's denial of Dollar's motion for summary judgment was based on its finding of a genuine issue of material fact pertaining to his conduct. To highlight the source of our difference of opinion with the district court in this case it is appropriate to consider when issues of fact will or will not preclude summary judgment under *Mitchell.*

■ The parties can in a given case make factual showings regarding the acts or omissions of the defendants which create genuine fact issues as to precisely what the defendant's course of conduct was in the given situation. However, these factual disputes do not preclude a grant of summary judgment premised on a defendant's qualified immunity if the legal norms allegedly violated were not clearly established at the time of the challenged actions. Thus, in the context of a § 1983 case, summary judgment would be appropriate as a matter of law, notwithstanding factual dis-

putes on the record regarding the defendant's conduct.

■ To complete the point made here, we also recognize that if the legal norms allegedly violated were as a matter of law clearly established at the appropriate time, a genuine fact issue as to what conduct the defendant engaged in would preclude a grant of summary judgment based upon qualified immunity. In this latter situation the denial or grant of summary judgment turns on the second question of law identified in *Mitchell*, i.e., do the showings reveal a genuine issue of material fact as to whether the defendant's conduct violated the right accruing to the plaintiff under clearly established law.

■ The case now before us presents a slight variation of these two more common situations. Because he is an official investigator for the State Attorney's Office, we can accept for purpose of our analysis, without having to decide, that had Dollar issued the probable cause affidavit knowing that the evidence recited therein was false, he would have violated Rich's established rights. Thus, if Rich in his showing in response to Dollar's motion for summary judgment established a genuine issue of material fact as to whether Dollar's conduct violated the right posited above, we would agree with the district court. However, Rich failed to do so.

The only showing in opposition to the defendant's motion for summary judgment was Rich's one-page affidavit which contained four conclusory assertions:

1. That Rich is the plaintiff;
2. That he has read the amended complaint and that the allegations set forth there are true;
3. That he did not agree to commit the crime with which he was charged, and
4. The allegations made against him in the probable cause affidavit are false and any reasonably competent investigator could have determined that they are false.

These assertions in no way address the critical factual questions of whether the allegations in the probable cause affidavit were in fact false or how or why Dollar knew they were false.

We need not set forth a litany of all the possible factual assertions which Rich could have made in creating a genuine issue of material fact. The short answer is that he made none and therefore created no genuine issue of fact as to Dollar's conduct. Thus, accepting for purposes of this analysis Rich's contention regarding the existence of a clearly established right, he has simply failed to create a fact issue as to whether Dollar's conduct violated such a well-established right.[5]

The second thrust of Rich's § 1983 claim is intertwined with the first and must be carefully dissected if we are to avoid unnecessarily clouding the *Harlow/Mitchell* test for qualified immunity. Without elucidation, Rich asserts in his brief that Dollar cannot be relieved of liability under § 1983 unless his actions in "executing" the probable cause affidavit were such as would satisfy the "objective reasonability" test of *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is clear that the district court's order denying Dollar's motion for summary judgment was based primarily on its belief that there exists a genuine issue of material fact as to whether Dollar's conduct satisfied the *Malley* criterion for qualified immunity. Consequently, we must speak to this dimension of Rich's claim.

■ *Malley* does not define a new category of legal right accruing to individuals who have been subjected to unjustified arrest or prosecution. Further, it does not alter the basic test for qualified immunity articulated in *Harlow* and clarified in *Mitchell*. What *Malley* does is establish a hybrid form of the *Harlow* objective reasonableness test that is applicable only to claims of qualified immunity advanced by

---

**5.** With due deference, we believe that the district court may well have relied on assertions in the memorandum prepared by Rich's counsel rather than upon the factual showing submitted under oath by Rich.

defendant police officers "... whose *request* for a warrant allegedly *caused* an unconstitutional arrest." 106 S.Ct. at 1098.[6] *Malley* does not add a causation element to the *Harlow/Mitchell* inquiry. Rather, proof that the defendant officer's conduct caused the plaintiff's allegedly unlawful arrest or prosecution, or at least the showing of a genuine fact issue in that regard, is a condition precedent to application of the special *Malley* qualified immunity standard.

■ On a motion for summary judgment by a defendant police officer (or other similar official), the *Malley* "reasonably well-trained officer" standard for qualified immunity is applicable only if the showings made by the parties demonstrate the existence of a genuine issue of fact as to whether the defendant officer actually caused the plaintiff's arrest and/or prosecution. In the absence of that showing, *Malley* is inapposite and the general *Harlow/Mitchell* test for qualified immunity controls.

■ Rich has failed to make the showing necessary to trigger application of the special *Malley* qualified immunity standard. It has been observed earlier that his only showing in opposition to Dollar's motion for summary judgment was a one-page affidavit containing four conclusory assertions. None of those assertions establish a genuine issue of material fact as to whether Dollar caused Rich's arrest and prosecution. Thus, the assertions made in the affidavits of Larry Dollar and Assistant State Attorney Neal that Dollar did not file

criminal charges against Ed Rich or cause his arrest are unrebutted.[7] Because Rich has failed to make the factual showing necessary to trigger application of the specialized qualified immunity standard of *Malley*, reliance on that hybrid criterion would be improper in this case.

## IV

Rich has not demonstrated through his showings the presence of any unresolved issues of material fact pertinent to the questions of law upon which Dollar's motion for summary judgment ultimately must turn. Consequently, we are compelled under *Harlow, Mitchell,* and our precedent to hold as a matter of law that appellant Dollar is shielded from appellee Rich's § 1983 claim for damages by the qualified immunity to which he is entitled as a public official acting within the scope of his discretionary authority.[8]

Based on the foregoing analysis and conclusions the order of the district court denying appellant's alternative motion for summary judgment is REVERSED. The case is REMANDED to the district court with instructions to grant Dollar's alternative motion for summary judgment on the basis of his qualified immunity.

6. Under the *Malley* standard a police officer who caused the alleged unconstitutional arrest of the person bringing a § 1983 action against him is not entitled to qualified immunity if "... a reasonably well-trained officer in the [defendant officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the [arrest] warrant." 106 S.Ct. at 1098.

7. The affidavit of Assistant State Attorney Neal establishes that it was Neal who drafted and signed the charging document that resulted in Rich's arrest. In that affidavit Neal states further that in deciding there was probable cause to charge Rich he exercised independent judgment and received no input from Dollar (other than the probable cause affidavit he had submitted). The affidavit of Larry Dollar attached

to his alternative motion contains the assertion that the decision to file charges against Mr. Rich was made by Assistant State Attorney Neal. Nothing in the showings made by Rich either challenges or rebuts the assertions made in these two affidavits. In addition, Fla.Stat. § 27.02 (1985) clearly establishes that it is the States Attorney who is assigned the duty to "... prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party,...."

8. We point out to the district courts and the practicing bar the importance of pursing discovery to a reasonable extent so as to permit appropriate factual showings. Anything less may result in grants of summary judgment solely because of inadequate discovery.