Jerry Lee DUPREE, Plaintiff,

v.

THOMAS COUNTY, GEORGIA; Thomas County Sheriff's Department; Carlton Powell; Jeffrey Brinson; John Richards and John Does 1–5, individually and as agents of the Thomas County Sheriff's Department, Defendants.

No. 6:94–CV–66 (WLS).

United States District Court,
M.D. Georgia,
Thomasville Division.

March 17, 1998.

James L. Ford, Mr., Atlanta, GA, John Kent Edwards, Mr., Valdosta, GA, for plaintiff.

William A. Turner, Jr., Mr., Valdosta, GA, for defendants.

## ORDER

SANDS, District Judge.

Plaintiff filed his § 1983 claim on September 16, 1994, alleging excessive force and unlawful arrest in violation of the Fourth and Fourteenth Amendments, and various state law torts including assault and battery, false arrest, false imprisonment and malicious prosecution. Before the court is defendants' Motion to Dismiss for Failure to State a Claim.

## BACKGROUND

In November of 1992, plaintiff and investigators from the Thomas County Sheriff's Department reached an agreement whereby plaintiff would render aid in solving a series of burglaries. Plaintiff agreed to act as an informant in exchange for

some form of assistance with charges that were pending against him, although the exact nature of this assistance is disputed. On or around January 8, 1993, plaintiff called defendant Brinson and informed him that Carlton Jackson had requested plaintiff's assistance at a burglary to take place that night. There is a dispute as to where plaintiff said the burglary was to take place. Plaintiff was to pick up Jackson at midnight and drive him to the site. The surveillance team arrived at either 10:30 or 11:00 p.m. At some point in time, the team spotted two men enter Gordon's garage and engage in what appeared to be a burglary. Three of the officers waited for the two men to emerge, and plaintiff was shot in the hand when defendant Richards' gun discharged through the garage door. Plaintiff was wearing gloves and had burglary tools in his possession. Defendants sent plaintiff to the hospital, still treating him as an informant. However, Captain Geer subsequently recommended that plaintiff be arrested for burglary, and a warrant was taken out for his arrest.

## DISCUSSION

Plaintiff's complaint may not be dismissed for failure to state a claim unless the court finds he cannot prove any set of facts entitling him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). However, where, as here, matters outside the pleadings have been presented, the court must treat the motion as one for summary judgment pursuant to Rule 56. Fed. R.Civ.P. 12(b). Defendants are entitled to summary judgment if there are no issues of material fact. For issues upon which plaintiff bears the burden of proof, defendants may show merely an absence of evidence; however, for issues upon which defendants bear the burden, they must affirmatively show the absence of an issue of material fact. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993).

*Sovereign Immunity*

The suit against the officers in their official capacities is actually a suit against the sheriff's department. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). In 1991, the state constitutional doctrine of sovereign immunity was extended "to the state and all of its departments and agencies," including counties. Ga. Const. of 1983, art. I, § II, ¶ IX(e). *Toombs County v. O'Neal*, 254 Ga. 390, 330 S.E.2d 95 (1985). Subsequently, the state adopted the Georgia Tort Claims Act, which waived the state's sovereign immunity, but expressly excluded counties from that waiver. O.C.G.A. §§ 50–21–20 to 50–21–37. However, a county's sovereign immunity may be waived by a legislative act *specifically* waiving the immunity and stating the extent of such waiver. *Gilbert v. Richardson*, 264 Ga. 744, 452 S.E.2d 476, 480 (1994). Furthermore, government entities are not entitled to sovereign immunity where a policy or custom is the "moving force" behind the constitutional violation. *Farred v. Hicks*, 915 F.2d 1530, 1532–1533 (11th Cir.1990), *citing Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Although plaintiff alleges in his complaint that the Sheriff's Department engaged in a practice of excessive force and failed to train officers in the use of deadly force, plaintiff offers no evidence in support thereof. On the contrary, the evidence shows that no one believed that deadly force was warranted in this case. In fact, plaintiff does not even address this issue in his response, nor does he indicate that the state has waived the Department's immunity from suit. Therefore, the Sheriff's Department and all defendants sued in their official capacity are entitled to sovereign immunity.

As the court finds that there is no evidence of any policy which resulted in plain-

tiff's harm[1] or a waiver of immunity, the county is entitled to sovereign immunity as well.

*Qualified Immunity*

■ Any person who, under color of law, deprives another of his constitutional rights may be held liable in a civil action. 42 U.S.C. § 1983. Under the doctrine of qualified immunity,

> "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Whether qualified immunity is available as a defense is a question of law for the court. *Ansley v. Heinrich,* 925 F.2d 1339, 1341 (11th Cir.1991).

■ Plaintiff argues that defendants were not acting within the scope of their discretionary authority and, therefore, are not entitled to qualified immunity. His argument seems to say that because defendants committed a violation they were not acting within their discretionary authority. If that were the case, however, there would be no qualified immunity. Qualified immunity provides that when a person is acting within his discretionary authority *and* he commits a constitutional violation, he may be immune from suit. The committing of a violation does not remove that person from his discretionary authority.

The Eleventh Circuit defines discretionary authority to include actions undertaken pursuant to the performance of duties that are within the scope of an officer's authority. *Rich v. Dollar,* 841 F.2d 1558, 1564 (11th Cir.1988). Defendants have more than adequately shown they were acting within their discretionary authority. Even if defendants had intentionally shot the plaintiff, they would have been acting within their discretionary authority to use force, including deadly force. Nor was it beyond defendants' authority to arrest plaintiff. Plaintiff may certainly challenge these actions, but this court finds no question of fact that defendants were acting pursuant to their discretionary authority when the alleged constitutional violations occurred.

The questions for the court then concerning qualified immunity are whether there is a clearly established right involved and whether, given the facts as viewed most favorably to plaintiff, that right was violated. *McKinney v. DeKalb County, Georgia,* 997 F.2d 1440, 1442 (11th Cir. 1993) (citations omitted).

*Fourteenth Amendment*

■ The Fourteenth Amendment prohibits the deprivation of life, liberty or property without due process of law. However, mere negligence is insufficient to support a claim under the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Such a claim requires a showing of gross negligence or deliberate indifference. *Taylor v. Ledbetter,* 818 F.2d 791 (11th Cir.1987).

1. *Gunshot.*

■ To state a claim for a substantive due process violation, a plaintiff must show that the force used by a defendant officer was applied "maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta, Ga.,* 774 F.2d 1495, 1501 (1985), *cert. denied* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986).

■ Plaintiff's offer of proof for this claim is that he was working as an informant for defendants and they were aware

---

1. In fact, the court questions whether the Sheriff's Department is even capable of making policy decisions attributable to the county in light of *McMillian v. Johnson,* 88 F.3d 1573 (11th Cir.1996).

of that fact and had a duty to keep him from harm. This falls far short of the mark: Plaintiff nowhere alleges anything more than negligence. The closest he comes is to point out that Brinson had no idea how his weapon discharged. At most, this supports negligence; it in no way could support a finding of malice, gross negligence or recklessness. Therefore, defendants are entitled to summary judgment on this issue.

### 2. Arrest

■ Plaintiff has put forward sufficient evidence to show more than mere negligence concerning his arrest. Plaintiff has shown that defendants were aware that he was acting as their informant at the time of the burglary and that he knew they were aware of the proposed burglary. Yet even with this knowledge, defendants claim to have probable cause to believe that plaintiff was in Gordon's garage with the intent to commit a felony. This court finds there is a material question of fact concerning whether defendants intentionally arrested plaintiff without probable cause in violation of the Fourteenth Amendment and defendants are not entitled to summary judgment on this issue.

### Fourth Amendment

#### 1. Gunshot.

The Fourth Amendment provides a clearly established right to be free from unreasonable seizures. If defendants undertook an act which a reasonable officer would know would violate this right, they are not entitled to qualified immunity.

■ A seizure requires more than just a government caused or desired termination of a person's freedom of movement; it also requires "termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 596–597, 109 S.Ct. 1378, 103

L.Ed.2d 628 (1989). Plaintiff argues that defendant Richards intentionally drew his gun which resulted in plaintiff being shot. Plaintiff cites the case of *Patterson v. Fuller*, 654 F.Supp. 418 (N.D.Ga.1987), which held that defendants were not entitled to summary judgment on plaintiff's Fourth Amendment claim because there was a question of fact as to whether the officer was negligent in having his gun cocked while the deceased was subdued.

■ This court is not persuaded by that case, and finds enough distinctions to find for defendants. The *Patterson* court leaped over the seizure issue and went straight to the issue of reasonableness. While that may be justified where an already subdued, unarmed person is shot to death, it is not justified here. Instead, this court agrees with the court in *Matthews v. City of Atlanta*, 699 F.Supp. 1552 (N.D.Ga. 1988), which held that a seizure occurs where a person is "put under the control of another as a result of acts intentionally taken." [2] *Id.,* at 1556. Since plaintiff here was not "seized" (read shot) as a result of an intentional act, he has not stated a Fourth Amendment claim concerning his gunshot wound. Defendants are, therefore, entitled to summary judgment on this issue.

#### 2. Arrest.

The Fourth Amendment also prohibits arrests without probable cause. Arguable probable cause exists where, given the totality of the facts within the knowledge of the officers, a reasonable officer could believe a crime has been committed by a certain suspect. *Gold v. City of Miami,* 121 F.3d 1442, 1445 (11th Cir.1997); *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

■ Plaintiff argues that he was unlawfully arrested as there was no probable cause such that a reasonable person could

---

**2.** Both *Patterson* and *Matthews* are cases out of the Northern District of Georgia. However, the court in Matthews expressly rejected the rationale in Patterson as being "without explanation." *Matthews,* 699 F.Supp. at 1557.

believe he had committed burglary. Burglary occurs where a person enters a building without permission with the intent to commit a felony or theft therein. O.C.G.A. § 16–7–1. Plaintiff has proffered sufficient evidence to create an issue of fact as to whether a reasonable person in defendants' place could find that he intended to commit a felony in the garage. The evidence shows that plaintiff and defendants understood that he was working as an informant during the burglary in question. The court is hard pressed to understand why plaintiff would commit theft when he knew full well that the sheriff's department was fully informed as to the particulars of this burglary. There is, therefore, a material issue of fact as to whether defendants had probable cause to arrest plaintiff for burglary; defendants are not entitled to summary judgment on this issue.

*State Law Torts*

■ As the court has found there is a genuine issue of material fact concerning whether defendants had probable cause to arrest plaintiff, and whether defendants knew they had probable cause to arrest plaintiff, the state law tort claims of false arrest and false imprisonment are not suitable for summary judgment. O.C.G.A. §§ 51–7–1, 16–5–41.

■ Plaintiff's malicious prosecution claim will also remain as there is a question of fact as to whether plaintiff was found guilty of the burglary charges or whether these were dropped, and if dropped, whether it was in exchange for restitution.

■ Finally, there is a question of fact as to justification, regardless of intent, for purposes of plaintiff's assault and battery cause of action. O.C.G.A. § 51–1–13.

In light of the foregoing, defendants' Motion to Dismiss or for Summary Judgment is **GRANTED–IN–PART** as to plaintiff's claims concerning sovereign immunity and the constitutional claims regarding the shooting. The motion is **DENIED–IN–PART** as to all other causes of action.