[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15966
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-02910-CV-JEC-1

CAROL KIMBELL, as the Guardian of the Property of Austin Gray
Liddell, a minor and as Executrix of the Estate of Kassandra
Leigh Kimbell,

                                                    Plaintiff-Appellee,

versus

CLAYTON COUNTY, GEORGIA, et al.,

                                                    Defendants,

VIRGINIA T. ROBINSON, Correctional Officer,
LILLIAN C. ALLEN, Correctional Officer, et al.,

                                                    Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(March 14, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of defendants/appellants' ("defendants") motions for summary judgment wherein they argued that they were entitled to qualified immunity on Carol Kimbell's ("Kimbell") 42 U.S.C. § 1983 claims, and official immunity under Georgia law on Kimbell's state law claims. The district court entered a detailed order that, among other things, denied the defendants' motions for summary judgment. The district court found that, "[a]s there is an abundance of case law from this circuit defining the parameters of deliberate indifference, the defense of qualified immunity is not available to a defendant guilty of deliberate indifference to serious medical needs." Finding that a reasonable jury could conclude that the defendants were deliberately indifferent to Kassandra Kimbell's medical needs on the night of her death, the court concluded that genuine issues of material fact existed and denied the defendants' motions for summary judgment as to Kimbell's federal claims.

Concerning the defendants' arguments for official immunity under Georgia law, the district court found that, viewing the evidence most favorable to Kimbell, it could not find, as a matter of law, that the defendants "did not intend to wrongfully delay or deny [Kassandra] Kimbell needed access to medical care"

and, thus, could not find that the defendants were entitled to official immunity for Kimbell's claims of wrongful death or outrageous conduct. The defendants then filed timely interlocutory appeals from the district court's order.

First, we conclude that we have appellate jurisdiction over this appeal. Although both this court and the Supreme Court have held that a denial of qualified immunity is not immediately appealable where the only issue is evidence sufficiency, the denial of qualified immunity may be appealed to the extent that it turns on an issue of law. *Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 525-30, 105 S. Ct. 2806, 2815-17 (1985); *Koch v. Rugg*, 221 F.3d 1283, 1295-98 (11th Cir. 2000); *Rich v. Dollar*, 841 F.2d 1558, 1560 (11th Cir. 1988). Thus, where a district court has determined that a state actor's conduct constituted a violation of clearly established law, an interlocutory appeal is available. *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S. Ct. 834, 842 (1996). Furthermore, a district court's denial of summary judgment based on a claim of qualified immunity because genuine issues of material fact existed is an immediately appealable order because the district court's determination that genuine issues of material fact preclude summary judgment is itself a conclusion of law. *McDaniel v. Woodard*, 886 F.2d 311, 313 (11th Cir. 1989).

In this case, we agree with the district court's finding that genuine issues of material fact exist as to whether defendants were deliberately indifferent to Kassandra Kimbell's serious medical needs.[1] *McDaniel*, 886 F.2d at 313. Additionally, we agree with the district court's finding that deliberate indifference to serious medical needs is a violation of clearly established law. *See Behrens*, 516 U.S. at 313, 116 S. Ct. at 842. Accordingly, we affirm the district court's order denying the defendants' motions for summary judgment based on qualified and official immunity.

**AFFIRMED.**

---

[1]The record demonstrates that, while she was in the defendants' custody in the Clayton County, Georgia jail, Kassandra Kimbell died of complications as a result of a ruptured ectopic pregnancy.