[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11839

Non-Argument Calendar

_____

RODNEY LEE LYON,

Plaintiff-Appellant,

versus

SHERIFF OF LAKE COUNTY, FLORIDA,
BRET RUTZEBECK,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 5:20-cv-00438-SDM-PRL

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Rodney Lee Lyon appeals the district court's order granting Lake County Sheriff's Deputy Bret Rutzebeck's motion for summary judgment on Lyon's claim for malicious prosecution under 42 U.S.C. § 1983.[1] Lyon argues that the district court erred in granting summary judgment for Deputy Rutzebeck on his malicious prosecution claim. As Lyon was never meaningfully seized under the Fourth Amendment, we cannot hold he was maliciously prosecuted. Accordingly, we affirm.

On June 1, 2016, Deputy Rutzebeck responded to a report that Lyon had neglected to treat the hooves of Lyon's eighteen-year-old horse. After meeting at Lyon's property, Deputy Rutzebeck noticed that the horse's hooves had overgrown and curled "like an elf's shoe." Lyon informed Deputy Rutzebeck that Lyon had hired a veterinarian to trim the horse's hooves.

Two days later, the veterinarian and Deputy Rutzebeck observed the trimming of the horse's hooves. This process revealed

---

[1] The district court's order also granted summary judgment in favor of the current and former sheriffs of Lake County on Lyon's claim against them for "violation of civil rights" under 42 U.S.C. § 1983. Lyon does not appeal this decision.

that the hooves would inevitably detach from the horse's feet, which required the immediate euthanasia of the horse. The veterinarian told Deputy Rutzebeck that Lyon's failure to trim the horse's hooves caused irreversible damage. Deputy Rutzebeck determined that this failure amounted to neglect.

Deputy Rutzebeck met with Lyon at a barbeque restaurant and informed Lyon that he intended to recommend a charge of animal neglect. Deputy Rutzebeck forwarded a report to the state prosecutor's office concluding that Lyon's failure to furnish regular farrier care for the horse amounted to animal neglect under state law. The prosecutor charged Lyon with misdemeanor animal neglect. Lyon was never arrested or detained. He appeared once in court to plead not guilty to the charge. Two months later, the prosecutor dropped the charges.

In granting Deputy Rutzebeck's motion for summary judgment, the district court held that Lyon was never seized under the Fourth Amendment and therefore he could not succeed on his malicious prosecution claim as a matter of law. The district court also noted that even if Lyon had been seized, Rutzebeck would be entitled to qualified immunity as there was arguable probable cause to refer Lyon for prosecution. We need not reach the issue of whether Deputy Rutzebeck was entitled to qualified immunity because Lyon was never seized.

We review a district court's granting of a motion for summary judgment *de novo*, "applying the same legal standards as those that control the district court." *Jackson v. State of Ala. State*

*Tenure Comm'n*, 405 F.3d 1276, 1289 (2005). To succeed on a summary judgment motion, the movant must establish he is entitled to prevail on questions of law, and "there are no genuine issues of material fact pertinent to those questions of law." *Rich v. Dollar*, 841 F.2d 1558, 1562 (11th Cir. 1988).

Malicious prosecution under Section 1983 requires that a plaintiff demonstrate (1) each element of malicious prosecution under relevant state law and (2) that the malicious prosecution resulted in a seizure under the Fourth Amendment. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Lyon cannot satisfy the second element because he was never detained or arrested. The sole seizure that Lyon contends occurred is the requirement he appear in court to plead not guilty.

Under our precedents, Lyon was not seized merely because he was required to appear in court. In *Kingsland*, we held that a plaintiff was not seized when she was released on bond subject to a pretrial release program. In doing so, we held that without a "significant deprivation of liberty . . . a seizure [cannot be] violative of the Fourth Amendment." *Id.* at 1236 (citing *Myers v. Shaver*, 245 F. Supp. 2d 805, 812 (W.D. Va. 2003)). Here, Lyon merely appeared in court to plead not guilty. The restrictions in *Kingsland*—posting bond as part of a pretrial release program—are certainly more substantial than merely appearing in court for a plea hearing. *See Albright v. Oliver*, 510 U.S. 266, 278–79 (1994) (plurality opinion) (Ginsburg, J., concurring) (discussing the restrictions of liberty associated with pretrial release). Under our precedents, we cannot

22-11839                 Opinion of the Court                          5

conclude that Lyon was seized under the Fourth Amendment by being compelled to appear in court a single time. Deputy Rutzebeck was thus entitled to summary judgment on Lyon's malicious prosecution claim. *Rich*, 841 F.2d at 1562.

Accordingly, the district court is **AFFIRMED.**